UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CECIL HAWKINS,

    Petitioner,

v.                                                  Case No. 2:13-cv-43
                                                        HON. GORDON J. QUIST

ROBERT NAPEL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Cecil Hawkins filed this petition for writ of habeas corpus, challenging his conviction after a conditional guilty plea to prison escape and prisoner possessing a weapon, and a no contest plea to assault of a prison employee. Petitioner was sentenced to concurrent prison terms of 5 to 10 years for escape and possession of a weapon and 3 to 10 years for assault. The sentences are to be served consecutively to Petitioner's current terms of life for kidnaping and three concurrent terms of 33-50 years for three criminal sexual assault convictions. Petitioner's plea was conditional on his ability to challenge, on appeal, the denial of five pro se motions that included an insufficient evidence at the preliminary examination argument, a motion regarding a necessity defense, a motion for an evidentiary hearing, a motion to dismiss the weapons charge, and motion for court appointed expert witnesses. The Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

The amended Petition raises the following claims:

    I.      Lack of sufficient evidence to support bind over on aiding and abetting charges.

     II.     Right to present a necessity defense.

     III.     Right to present unlawful incarceration defense #1.

     IV.     Right to present unlawful incarceration defense #2.

     V.     Dismiss possession of weapon charge.

     VI.     Rule of Apprendi violation.

     VII.     Sentencing exceeds or is outside statutory units is/are wholly unauthorized by law.

     VIII.     Ex Post Facto sentence.

     IX.     Ineffective assistance of appellate counsel.

     X.     Ineffective assistance of defense counsel.

     XI.     Withdraw pleas.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that insufficient evidence was presented during his preliminary examination to support a bind over to the state circuit court. Petitioner raised this issue in the state courts where it was denied. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). No constitutional right to a preliminary examination exists. *Gerstein v. Pugh*, 420 U.S. 103 (1975). Although, the United State Supreme Court held that the Fourth Amendment required a timely judicial determination of probable cause prior to detention, the Court stated "an illegal arrest or detention does not void a subsequent conviction." *Id.* at 119. The Court explained that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.* Petitioner raises only a state law matter that is not cognizable in this habeas proceeding. In the opinion of the undersigned, Petitioner's argument lacks constitutional merit.

Petitioner argues that the trial court erred in denying his necessity defense, as well as in denying his expert witness request to support his necessity defense. The trial judge denied Petitioner's necessity defense explaining:

- 4 -

> "[T]he defense of necessity is a very limited defense to the crime of prison escape or attempted prison escape." *People v Hocquard*, 64 Mich App 331, 337; 236 NW2d 72 (1975). Defendant has not provided prima facie evidence of a well-grounded apprehension of present, imminent, and impending death or serious bodily injury. *Id*. Nor has defendant satisfied the requirement that no force or violence was directed at prison personnel or other innocent persons. *Id*.

Opinion and Order denying Defendant's Notice of Intent to assert Defense of Necessity, docket 330 at 1. Petitioner supports his necessity defense by arguing that he had to escape so he could obtain evidence to prove that he was innocent of the crimes that caused his imprisonment. Petitioner has not shown that the state court's denial of his motion for a necessity defense was unreasonable. Indeed, the denial of the motion was reasonable based upon the argument asserted by Petitioner. As a result of the fact that the court rejected Petitioner's argument for the necessity defense, the trial court also denied Petitioner's request for court appointed experts allegedly needed to support the necessity defense. Opinion and Order denying Defendant's motion for court-appointed experts and stay of proceedings, docket #31. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that he should have been able to present as a defense that his escape was justified because he was unlawfully incarcerated on the underlying charges. Petitioner asserts that the judge in the Muskegon County Circuit Court should have held a hearing to determine whether his prior convictions from the Kent County Circuit Court were unlawful. Petitioner's argument appears to again relate to his preliminary examination bind-over. Petitioner argues that both his Fifth Amendment and Fourth Amendment rights were denied and that the evidence was

insufficient to bind him over to the Circuit court, divesting that court of jurisdiction. Petitioner exhausted his appeals on his underlying convictions and he cannot now challenge those convictions in this proceeding. As explained, Petitioner has not shown a Constitutional violation occurred. Petitioner was ultimately found guilty of the charges and convicted after a trial. Petitioner's arguments lack merit. The Michigan courts' decision on this issue was not unreasonable and did not deny Petitioner his rights under the Constitution or federal law.

Petitioner argues that the weapons charge should have been dismissed because an Elmers glue bottle that contained hot sauce could not constitute a weapon, despite the fact that defendant and his co-defendant used it as a weapon by spraying it in a guard's eyes to help facilitate their prison escape. Petitioner was convicted of Mich. Comp. Laws § 800.283(4) which states:

> Unless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment.

Petitioner argued in the trial court that his Elmer's glue bottle filled with hot sauce could not be a weapon, because he was authorized to possess the bottle and the hot sauce. The trial court rejected this claim finding that Mich Comp Laws 800.283 was not vague or overbroad and that a person of ordinary intelligence would know that they were not allowed to possess a glue bottle filled with hot sauce.

The "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). A violation of this doctrine implicates the Due Process Clause of the Fourteenth Amendment. *Id.* at 353-54. In the opinion of the undersigned, Petitioner cannot establish a due

process violation. The statue is not vague as alleged by Petitioner. Petitioner should have known that he could not possess a glue bottle filled with hot sauce. More importantly, the glue bottle with hot sauce was used as a weapon when it was sprayed in the guard's eyes. The glue bottle with hot sauce was used to assist Petitioner and his co-defendant's escape from prison. Possession of the glue bottle with hot sauce clearly violated the statute. Using the glue bottle with hot sauce to assist in the escape clearly violated the statute. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues without explanation that the rule of Apprendi was violated. Petitioner's argument must be based on the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and including *Ring v. Arizona*, 53 US 584 (2002), *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely*, the Court applied the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 543 U.S. at 232 (citing *Blakely*, 542 U.S. at 303).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner claims that his sentence exceeds the statutory maximum and is unauthorized by law. Petitioner entered into a plea agreement and he was sentenced in accordance with his plea agreement. Petitioner's sentences did not exceed the maximum sentences allowed and were authorized by law. In the opinion of the undersigned, Petitioner's argument lacks merit.

Similarly, Petitioner argues that his sentence for assaulting a prison employee violated the Ex Post Facto Clause of the Constitution because at the time he committed the offense the maximum penalty for assaulting a prison employee was four years. Petitioner was sentenced as a fourth habitual offender and, as a fourth habitual offender, his assault conviction could be enhanced to fifteen years. Under Mich. Comp. Laws § 769.12, a fourth time habitual offender's maximum sentence for an underlying offense that has a maximum sentence of less than five years may be

enhanced to a maximum sentence of fifteen years imprisonment. Petitioner received the prison term that he negotiated as part of his plea deal. Petitioner's ten year maximum sentence on the assault conviction was proper and did not violate the Constitution.

Petitioner argues that he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Petitioner argues that his trial counsel failed to object during sentencing. Petitioner asserts that his appellate counsel failed to raise appealable issues.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Petitioner argues that his trial counsel erred by not making objections at sentencing to the sentencing guidelines. However, Petitioner entered a plea agreement and his counsel

negotiated a plea deal. Petitioner and the prosecutor agreed that Petitioner's minimum sentences would not exceed five years and his maximum sentences would not exceed ten years. Even if trial counsel objected to the guideline score, the plea deal and sentence deal had already been made. Petitioner cannot complain that he received ineffective assistance of counsel when he received the sentences that he agreed to in his plea deal. In the opinion of the undersigned, Petitioner's ineffective assistance of trial counsel claims are meritless.

Similarly, Petitioner argues that his appellate counsel failed to present arguments on appeal that would have been successful. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* In the opinion of the undersigned, Petitioner has not made such a showing and his ineffective appellate counsel arguments necessarily fail.

Petitioner argues that he should be allowed to withdraw his guilty and no contest pleas. Petitioner raised this issue in his motion for relief from judgment as a state law claim under Mich. Ct. Rule 6.310(C). The trial court rejected this claim as untimely. A federal court may not

issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley*, 465 U.S. at 41; *Engle*, 456 U.S. at 119; *Smith*, 848 F.2d at 738. Therefore, it appears that this portion of Petitioner's argument should be dismissed.

To the extent that Petitioner maintains that his guilty plea was not voluntarily, knowingly or intelligently made, Petitioner's claim clearly lacks merit. A guilty plea is valid if it is entered voluntarily and intelligently as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749 (1970). The United States Constitution requires that a defendant be informed of all of the direct consequences of his plea. *See Brady*, 397 U.S. at 755. A review of the plea hearing fails to provide any support for Petitioner's claim that his guilty plea was not knowingly and intelligently made.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 13, 2015                 /s/ TIMOTHY P. GREELEY
                                                  TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE