UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

CECIL HAWKINS,

        Petitioner,

v.                                     Case No. 2:13-CV-43

ROBERT NAPEL,                      HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Cecil Hawkins, has filed lengthy Objections to Magistrate Judge Greeley's October 13, 2015 Report and Recommendation ( R & R), which recommends that the Court deny Petitioner's habeas petition. In particular, the magistrate judge concluded that: (1) Petitioner's argument regarding insufficient evidence at his preliminary examination bind over does not raise a cognizable habeas claim; (2) the state court's rejection of Petitioner's necessity defense and denial of Petitioner's related request for court appointed experts did not constitute an unreasonable application of clearly established federal law as determined by the Supreme Court and did not result in a decision that was based on an unreasonable application of the facts; (3) Petitioner is not entitled to relitigate his underlying convictions in this habeas proceeding; (4) the state trial court's conclusions that M.C.L. § 800.283(4) is not vague or overbroad and that Petitioner's use of a glue bottle containing sauce to aid his escape attempt violated the statute did not constitute unreasonable applications of clearly established federal law and did not result in a decision based on an unreasonable determination of the facts; (5) Petitioner's sentence did not violate the rule of *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000), and its progeny; (6) Petitioner's sentence does not exceed the statutory maximum and was authorized by law; (7) Petitioner's sentence for assaulting a prison employee did not violate the Ex Post Facto clause of the Constitution because Petitioner was sentenced as a fourth habitual offender; (8) Petitioner's trial counsel was not ineffective for failing to object at sentencing to the negotiated guideline score and his appellate counsel was not ineffective for failing to raise issues on appeal; (9) the state court's denial of Petitioner's request to withdraw his guilty and no contest pleas as untimely is not reviewable by a federal habeas court and Petitioner's plea was knowingly and intelligently made.

After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In addition, Local Rule 72.3(b) requires a party objecting to a report and recommendation to "file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Sixth Circuit has held that objections to a report and recommendation must be specific. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).

Petitioner has filed lengthy Objections that fail to comply with the requirement that the objecting party file specific objections to a magistrate judge's report and recommendation. Many of Petitioner's objections have no particular application to the R & R and others are plainly

meritless.[1]  Nonetheless, the Court has reviewed them and concludes that they provide no basis for rejecting the magistrate judge's well-reasoned recommendation that the Court reject Petitioner's claims.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 13, 2015 (ECF No. 64) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 71) are **OVERRULED**.

---

[1] Petitioner argues that the magistrate judge failed to address the effect of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (2015), on Petitioner's sentence.  Petitioner's argument lacks merit because the Michigan Supreme Court made its holding applicable only to cases still pending on direct review, *see id.* at 25–26, and *Alleyne v. United States*, 133 U.S. 2151 (2013), upon which *Lockridge* is based, does not apply retroactively.  *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).  Moreover, this federal district court is not bound by the Michigan Supreme Court's interpretation of *Alleyne*.  *See Young v. Curtin*, No. 2:09-cv-11063, 2016 WL 304742 at *5 (E.D. Mich. Jan. 26, 2016).

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated:  March 17, 2016                            /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE